IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00093-RPM

KAREN WHITFORD,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

_____

ORDER AFFIRMING DECISION
_____

The applications for Disability Insurance Benefits and Supplemental Security Income of Karen Whitford have been denied twice. Her first application, filed June 1, 2000, claimed disability from severe myofascial pain, neck strain, degenerative disk disease from C5-6 through C7-T1 and lower average intellectual functioning, with an onset date of May 18, 2000. That application was denied, after hearing, by an administrative law judge ("ALJ") in a written decision, dated August 1, 2001. The Appeals Council denied review.

The ALJ's decision found the impairments not disabling and determined that Ms. Whitford could return to her previous employment as an assembly worker, quality control worker and security guard. The ALJ largely discounted the claimant's testimony at the hearing, based on her daily activities and the ALJ's interpretation of the objective medical evidence.

The medical evidence presented at that time included reports from chiropractors who treated Ms. Whitford for injuries she sustained in an automobile collision on

February 23, 1997. Those injuries included a concussion. A consultative examination of the claimant was conducted by Dr. Jane Mountain in May, 2000, (R. 218-222) and an independent medical evaluation was made by Dr. Suzanne Bralliar (R. 229-236). Both of these physicians recommended work restrictions. Their reports were discussed at length by the ALJ in his decision. The doctors expressed concerns for the claimant's cognitive capabilities. Ms. Whitford was examined by Brett Valette, Ph.D., for a psychological evaluation on July 31, 2000. Dr. Vallette did not find any cognitive impairment. Essentially, the ALJ determined that Ms. Whitford was exaggerating her subjective symptoms when she had these medical examinations.

The claimant did return to employment and her last job ended in April, 2004. Her second application asserted that as the onset date of her disability based on both physical and psychological problems. After a hearing held on January 25, 2006, a second ALJ denied disability at step four of the sequential evaluation process, finding that the claimant had the residual functional capacity to perform her past relevant work as film inspector, lens inspector and medical assembler. The Appeals Council denied review and the ALJ's decision is now before this Court for judicial review under 42 U.S.C. § 405(g).

The central issues raised by the plaintiff are that the ALJ did not give fair consideration to the plaintiff's ability to use her upper right extremity for frequent fine motor movements; did not adequately consider her mental and psychological limitations and vision problems and did not properly evaluate her credibility and subjective complaints of pain. Additionally, the plaintiff challenged the vocational expert's conclusions.

The plaintiff's employment history is difficult to evaluate. She has had many jobs of short duration and most of them were obtained through temporary employment agencies. Her last substantial employment was with Wal-Mart in 2002 where she worked first as a "greeter" and then as a clothes hanger. She was transferred for the failure to perform the greeting job adequately.

In his review of the medical evidence, the ALJ gave greatest weight to the report of Dr. Laura Moran, M.D., who evaluated Ms. Whitford on August 27, 2004, when she was 47 years old. Dr. Moran summarized the results of her physical examination of the claimant and X-ray findings in concluding that while the complaints of neck pain and shoulder pain were somewhat supported by a showing of arthritis on her X-ray, the range of motion and strength testing were both normal for both the neck and shoulder. Dr. Moran also found normal visual acuity tested by an eye chart and reported Ms. Whitford complained of double vision in the extremes of her upward and downward gaze. Dr. Moran opined that Ms. Whitford would be able to do most occupations.

Dr. Dennis Wack, Ph.D., did a neuropsychological assessment of the claimant on February 7, 2003, conducting a full set of psychological tests. While he found a low range of intellectual functioning, Dr. Wack concluded that her mild impairments did not prevent her employment.

Ms. Whitford's claim for disability was supported by a report of Dr. David Leonard on a MED-9 form. Dr. Leonard had provided treatment for the claimant. The ALJ rejected Dr. Leonard's opinion because of its contradiction by Dr. Moran and Dr. Wack.

The plaintiff argues that the double vision impairment was not given adequate consideration in evaluation of her residual functional capacity. The medical records at

times reflect her statements about experiencing double vision but they are not demonstrated by any medical evidence from tests and her statements are somewhat inconsistent with respect to her experiencing double vision in her peripheral vision and at the extremes of upward and downward gaze.

The plaintiff also asserts that the medical evaluations are not consistent with respect to her ability to do fine manipulative work in that the vocational expert did not consider a limitation on overhead reaching in his assessment of the job functions described in the Dictionary of Occupation Titles. There is nothing to indicate that overhead reaching was part of the previous employment relied on by the ALJ.

This case is difficult because of the plaintiff's social circumstances. At the time of the second hearing, she was living in a homeless shelter, having lost her residence by foreclosure. There are probable psychosocial aspects to her employment difficulties but on the record presented, this Court is unable to say that the ALJ's evaluations and conclusions are not supported by substantial evidence in the record. Accordingly, it is

ORDERED that the Commissioner's denial decision is affirmed.

DATED: September 23rd, 2008

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior Judge